IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL R. BOODEN, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 21 C 1372 |
| v. | ) ) Judge Ronald A. Guzmán |
| BROOKFIELD PROPERTIES, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Defendant's motion to dismiss the Complaint [11] is granted in part and denied in part for the reasons explained below.

## BACKGROUND

Plaintiff, attorney Michael R. Booden, brought this civil rights case challenging his October 13, 2019 termination following a five-month employment with Defendant Brookfield Properties ("Brookfield").

Booden alleges that he has long been diagnosed with Crohn's disease, which causes "[b]urping and uncontrollable gas." (Compl., Dkt. #1, ¶ 90.) He began working as Brookfield's Associate General Counsel on about May 13, 2019. (*Id*. ¶ 14.) Brookfield terminated Booden on October 13, 2019, informing him that female coworkers had complained that he made undisclosed "inappropriate comments" that caused them discomfort and that Booden had raised an "ill advised" complaint regarding a male supervisor's reprimand of a female employee. (*Id*. ¶¶ 14, 27.) He requested and received a copy of his personnel file on November 27, 2019; "no documents" in the file "indicat[ed] anything negative about Booden." (*Id*. ¶ 76.) On April 6, 2020, Booden filed an Illinois Department of Human Rights ("IDHR") charge, cross-filed with the EEOC, alleging discrimination on the basis of sex (male) and retaliation.[1] (Def.'s Mem. Supp. Mot. Dismiss, Dkt. #12, Ex. A, at 9-14.)

On September 16, 2020, during a fact-finding hearing with the Illinois Department of Human Rights ("IDHR"), Booden learned the content of the female coworkers' complaints—that he had "overshar[ed]" personal details related to his Crohn's disease and also had belched and passed gas in meetings. (Dkt. #1, ¶ 84.) He also learned that a Brookfield employee had generated written investigation notes regarding the complaints, copies of which had not been provided in his personnel file. (*Id*. ¶¶ 85, 87.) On February 3, 2021, he "received a copy of the IDHR's case file,"

---

[1] The IDHR dismissed his charge on December 11, 2020 for lack of substantial evidence. (Def.'s Mem. Supp. Mot. to Dismiss, Dkt. #12, at 17-18.)

with copies of the investigative notes and a Brookfield "position statement" not previously "made available to" him. (*Id*. ¶¶ 88-89.) The notes included some additional details, such as an employee complaining that he had exhaled his belches "in her direction" and fanned a notebook behind his posterior after passing gas, apparently to "draw[] attention to" the gas. (*Id*. ¶ 89.) Although Booden had not been informed of the reason at the time, in July 2019, he was relocated to a new workstation because of her complaints. (*Id*.) On February 11, 2021, he filed a second EEOC charge alleging disability discrimination related to his October 2019 dismissal. (Def.'s Mem. Supp. Mot. Dismiss, Dkt. #12, Ex. C, at 19-23.)

In this case, Booden seeks to pursue claims of federal gender discrimination and retaliation under Title VII (Counts I & II) and disability discrimination under the Americans with Disabilities Act ("ADA") (Count VI), claims under the Illinois Human Rights Act (Counts III & IV), and one claim under the Illinois Personnel Record Review Act ("IPRRA") (Count V). (Dkt. #1, at 8-17.) Invoking Federal Rule of Civil Procedure 12(b)(6), Brookfield moves to dismiss Plaintiff's ADA and IPRRA claims. (Def.'s Mot. Dismiss, Dkt. #11.)

## DISCUSSION

For the purposes of a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts, and draws all reasonable inferences in the plaintiff's favor. *See Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, a complaint must comply with Rule 8 by containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the "adequacy of a claim under Rule 12(b)(6)," a court considers "the facts stated on the face of the complaint . . . and [] matters of which judicial notice may be taken." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (quoting 5A Wright & Miller, Federal Practice and Procedure § 1357, at 299 (2d ed. 1990)). "A complaint," however, "is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief," such as when "the allegations . . . show that relief is barred by" an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

A.   **IPRRA Claim (Count V)**

In Count V, Booden alleges that, despite a provision of the IPRRA requiring that employers "include any documents relied upon by an employer to discharge an employee" in the employee's personnel file, Brookfield did not include investigation notes related to Booden's discharge in a copy of his personnel file provided to him on November 27, 2019. Brookfield argues that this claim should be dismissed because Booden "did not file a complaint with the [Illinois Department of Labor ('IDOL')]" or "follow through on any administrative process through exhaustion" or "allege that he did" either, as Brookfield interprets the IPRRA to require. (Def.'s Mem. Supp. Mot. Dismiss, Dkt. #12, pgs. 4-5.) Booden counters that he is not required to plead exhaustion and that a failure to exhaust is an affirmative defense inappropriate for resolution at the pleading stage. (Pl.'s Resp. Mot. Dismiss, Dkt. #30, at 6-8.)

For the purposes of this motion, the Court assumes, based upon recent Seventh Circuit precedent, that federal pleading rules govern the pleadings in this federal lawsuit, *see Young v. United States*, 942 F.3d 349, 351–52 (7th Cir. 2019) (citing cases and holding "that a complaint in federal court cannot properly be dismissed" under Federal Rule of Civil Procedure 8 "because it lacks an affidavit and report" as specified in Illinois statute 735 ILCS 5/2-622). Federal pleading rules do not require a plaintiff to plead exhaustion, even when an underlying statute requires exhaustion of remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Here, Booden did not allege his own failure to pursue a complaint through the process with the IDOL, so as to plead himself out of court. *See id.* at 215. Brookfield points to no document of which the Court may take judicial notice that establishes Booden's failure to exhaust. Further, the Illinois legislature's goal of "judicial efficiency," which Brookfield refers to, does not appear to be affected by an IPRRA claim proceeding through the early stages in this case, given the apparent evidentiary overlap between the intended IPRRA claim and the (unchallenged for the purposes of this motion) Title VII and state law gender discrimination and retaliation claims. Thus, even acknowledging that Booden does not plead (or argue) that he has exhausted his claim by filing and pursuing a complaint with the IDOL on his IPRRA claim, it is premature for the Court to resolve that issue, so Brookfield's motion to dismiss is denied as to Count V.

## B. ADA Disability Discrimination (Count VI)

Brookfield also contends that Booden's disability-discrimination charge, filed with the EEOC on February 11, 2021, is untimely because it relies on alleged acts of discrimination that occurred more than 300 days earlier. (Def's Mem. Supp. Mot. Dismiss, Dkt. #12, at 5-6.)

When the allegations of the complaint or materials that the Court may properly consider on a motion to dismiss reveal that relief is barred by the statute of limitations, dismissal is appropriate. *See Collins v. Vill. of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017) ("Because the complaint and court documents contain everything necessary to decide the timeliness issue here, it was procedurally proper at the pleadings stage for the judge to consider whether Collins's claim was barred by the statute of limitations."); *Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017) ("[W]hen a complaint reveals that the action is untimely, the court can dismiss it."); *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010) ("[I]f it is plain from the complaint that the [statute of limitations] defense is indeed a bar to the suit dismissal is proper without further pleading.") (citations omitted).

Here, the Court may take judicial notice of the charge that Booden filed with the EEOC, which Brookfield attached to the motion to dismiss, and the relevant contents of which Booden does not contest. *Saud v. DePaul Univ.*, No. 19-CV-3945, 2020 WL 5702165, at *4 (N.D. Ill. Sept. 24, 2020) (citing *Anderson v. Centers for New Horizons, Inc.*, 891 F. Supp. 2d 956, 959 (N.D. Ill. 2012) (taking judicial notice of "plaintiff's IDHR and EEOC charges attached to defendants' motion as well as IDHR records submitted by the parties")); *see Pierce v. Ill. Dep't of Human Servs.*, 128 F. App'x. 534, 535 (7th Cir. 2005) (finding that district court properly considered "numerous" party-submitted "public records" from "the administrative process" in resolving motion to dismiss); *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 989 n.2 (N.D. Ill. 2010) (taking judicial notice of EEOC charge and determination letters attached to motion to

3

dismiss)); *Flores v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 103 F. Supp. 3d 943, 948 (N.D. Ill. 2015) (explaining that an "IDHR charge is a public document and, therefore, the court may take judicial notice of the charge").

Rather than quibble with the timeline or the EEOC charge Brookfield attached to its memorandum, Booden argues that, although he filed his disability-discrimination charge more than 300 days after his termination, he should be permitted to proceed under the doctrines of equitable estoppel or equitable tolling. (Dkt. #30, at 8-12.) He insists that Brookfield chose "to withhold from [him]" both "the reasons for" his termination and the "investigatory notes containing" the specific complaints, which had also been absent from his personnel file despite the requirements of the IPRRA. (*Id*. at 9.) This conduct, he argues, estops "Defendant from asserting timeliness to justify dismissal of Count VI." (*Id*.)

Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing on time, as by promising not to plead the statute of limitations" or by "present[ing] [plaintiff] with forged documents purporting to negate any basis for supposing that [his] termination was related to" a protected characteristic. *Cada v. Baxter Healthcare Corp*., 920 F.2d 446, 450-51 (7th Cir. 1990). The doctrine thus requires "efforts by the defendant—above and beyond the wrongdoing upon which the plaintiff's claim is founded—to prevent the plaintiff from suing in time." *Id*. at 451. The plaintiff must also show "that he actually and reasonably relied on the [defendant's] misconduct." *Ashafa v. City of Chicago*, 146 F.3d 459 (7th Cir. 459, 463 (7th Cir. 1998). In *Cada*, the plaintiff invoked equitable estoppel, characterizing a department reorganization as a "ruse to conceal the plan to fire him because of his age." *Cada*, 920 F.2d at 451. The Seventh Circuit rejected that argument as incorrectly "impl[ying] that a defendant is guilty of fraudulent concealment unless it tells the plaintiff, 'We're firing you because of your age,'" which "would eliminate the statute of limitations in age discrimination cases." *Id*.

Booden points to no conduct akin to Brookfield promising not to invoke the statute of limitations as a defense or falsifying documents regarding his termination. He instead accuses Brookfield of neglecting to reveal information regarding the basis for his termination—information that, in his view, indicates that his termination was related to his disability. But failing to include information that would have led him to conclude that he was terminated "because of [his disability]," as the Seventh Circuit explained, is not the type of "active step" required for equitable estoppel. *See Cada*, 920 F.2d at 451. *See also Monroe v. Columbia Coll. Chicago*, 855 F. App'x 284, 291 (7th Cir. 2021) ("[E]quitable estoppel requires a deliberate strategy on the part of the defendant . . . to deceive or lull" plaintiff); *Hines v. City of Chicago*, 91 F. App'x 501, 502-03 (7th Cir. 2004) (affirming dismissal of officers and rejecting equitable estoppel argument where defendant merely declined to provide officers' names but did not take active steps to delay or prevent filing); *Foryoh v. Hannah-Porter*, 428 F. Supp. 2d 816, 823 (N.D. Ill. 2006 (noting that "nothing in the pleadings or in the realm of reasonable inferences suggests that the putative Defendant . . . ever told or suggested to Mr. Foryoh that he was free to delay filing . . . and that she would not invoke the otherwise applicable statute of limitations that would provide her with a complete defense under the law"). Even giving Booden the benefit of all reasonable inferences, the alleged non-revelations are insufficient to indicate that Brookfield took active steps to delay his filing. Equitable estoppel thus does not apply.

Booden in the alternative seeks equitable tolling of the limitations period until he obtained a copy of the IDHR case file on February 3, 2021. (Dkt. #30 at 12.) He filed his disability-based charge just over a week after he received that file.

Equitable tolling applies when "despite all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of his claim." *Cada*, 920 F.2d at 451. "[I]t does not assume a wrongful—or any—effort by the defendant to prevent the plaintiff from suing." *Id*. Moreover, "the plaintiff is assumed to know that he has been injured," such that "the statute of limitations has begun to run," although he is unable to "obtain information necessary to decide whether the injury is due to wrongdoing" of the defendant. *Id*. The test is whether "a reasonable man in [plaintiff's] position would not have known until [the date set forth] that he had been fired in possible violation of the age discrimination act[.]" *Id*. If he would not have known, "he could appeal to the doctrine of equitable tolling to suspend the running of the statute of limitations for such time as was reasonably necessary to conduct the necessary inquiry." *Id*. "[E]ven when tolling is justified," it does not lead "to a renewed 300-day window" but "only [] a length of time within which it would have been reasonable to file a complaint." *Haynes v. Ind. Univ.*, 902 F.3d 724, 731 (7th Cir. 2018).

Booden asserts that "despite all of his due diligence" (he does not there illuminate what "due diligence" efforts he undertook but earlier mentions having requested a copy of his personnel file from Brookfield shortly after his termination), he "was unable to obtain vital information bearing on the existence of his ADA claim until February 3, 2021," when he received a copy of the IDHR file.

Accepting the somewhat dubious proposition that Booden's requesting his personnel file constitutes "all due diligence," however, he does not explain what previously unknown "vital information" he gained on February 3, 2021. The Court is unable to discern any pivotal information he did not know months earlier. Even generously assuming he (or any reasonable person in his position) could not have linked his termination with his Crohn's disease before the IDHR hearing on September 16, 2020, the allegations in the complaint indicate that, as of that hearing, he knew that the coworker complaints underlying his termination had referenced his "oversharing" of personal details related to his Crohn's disease and "belching and passing gas in meetings," which are symptoms of his condition. (Dkt. #1, ¶¶ 84, 90.) That information was enough for a reasonable person to have made the connection between Crohn's disease and the termination. *See Vaught v. R.R. Donnelley & Sons Co.*, 745 F.2d 407, 411 (7th Cir. 1984) (holding that plaintiff's knowledge of his own age and positive performance reviews before demotion and replacement by someone he believed to be twenty years younger was "more than enough . . . to establish a prima facie case" of age discrimination). Booden did not need to know all potentially pertinent facts. *See Cada*, 920 F.2d at 452 ("There is no duty of precomplaint inquiry in EEOC proceedings" so plaintiff "could have prepared an adequate administrative complaint within days" of learning additional information); *Vaught*, 745 F.2d at 412 (noting that applicable "standard requires [only] knowledge of facts that would support a *charge* of discrimination" and initiate

5

investigation) (citations omitted).[2] Booden's delay of nearly five additional months between the IDHR hearing and filing a charge of disability discrimination with the EEOC was not reasonable. *See Haynes*, 902 F.3d at 731 (holding that three months "clearly was" time enough for plaintiff "to file an EEOC complaint" after learning of possible discrimination).

Accordingly, Brookfield's motion to dismiss will be granted without prejudice as to Count VI.

## CONCLUSION

Defendant Brookfield Properties' motion to dismiss plaintiff's complaint [11] is granted in part and denied in part. The Court dismisses without prejudice plaintiff's ADA claim (Count VI). The remainder of defendant's motion is denied.

**DATE:** November 10, 2021

**Hon. Ronald A. Guzmán**
**United States District Judge**

---

[2] The additional information within the IDHR file (including that he had intentionally wafted his gas or exhaled belches toward coworkers) seems, in fact, to undermine a claim that his termination was based upon symptoms of his disability rather than inappropriate conduct.